REISS BROTHERS, INCORPORATED, A CORPORATION OF NEW JERSEY, ASSIGNEE OF ALBERT OZIMEK, PLAINTIFF-RESPONDENT, v. PETER GUNNE, DEFENDANT-APPELLANT.

Argued May 5, 1936—Decided July 21, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-respondent, *Zucker & Goldberg* (*Maurice J. Zucker* and *Leonard H. Goldberg,* of counsel).

For the defendant-appellant, *Braelow & Tepper.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff and against the defendant. From the state of case the following facts appear. The defendant, on November 9th, 1926, sold certain lands which were located in what was then known as Maplewood, New Jersey (which territory was later annexed by the city of Newark), to one Joseph Braelow. In the deed of conveyance a covenant was inserted that the said Gunne, at his expense, within four and one-half months after the title was taken and the purchase price paid by Braelow, would complete the laying of sidewalks, curb the streets, install gas, water and sewer mains, and pave the streets, on which the property fronted, with an eight-inch penetration pavement.

Braelow conveyed to Goldberg on February 1st, 1927, the deed containing an assignment of the covenant. Goldberg

conveyed to the Altom Realty Company on December 19th, 1927, which company, on April 26th, 1928, conveyed to Ozimek. The deed from Goldberg to the realty company expressly assigned any rights under the covenant. The assignment of the rights by the realty company to Ozimek was by separate agreement and Ozimek assigned those covenant rights to Reiss Brothers, Incorporated, on February 20th, 1930, also by separate agreement. Some of the obligations of the covenant to be performed by Gunne were not performed. In the meantime, the city of Newark made these improvements.

Suit was started for the cost of the improvements on June 10th, 1930. The foregoing facts were set out with particularity and it appears in the complaint that when the city of Newark annexed the territory of Maplewood, where the lands had been located, it refused to pave the street with the eight-inch penetration pavement but laid down an asphalt pavement and levied assessments therefor. It is also charged that Gunne failed to install the sewers and an assessment was made for that improvement.

A judgment by default was entered for the lack of answer. This finally was straightened out by an order setting it aside.

In the meantime, there was a substitution of attorneys for the plaintiff and later a substitution of attorneys for the defendant. On November 21st, 1933, a nonsuit was entered for lack of prosecution. This was reopened and on December 18th, 1933, an amended complaint filed. An amended answer followed, wherein it is alleged that the purchase price for the lots in question, which included the cost of these improvements, has not yet been paid by Braelow, the original grantee, to the defendant, and he therefore denied any breach of contract. The reply specifically puts that allegation in issue. On June 21st, 1934, no testimony having yet been taken, we find a memorandum by Judge Porter saying that the case was submitted "without a jury for a decision on the legal questions raised on the pleadings." The court goes on to say, "the facts do not seem to be disputed." This is manifestly inaccurate since fact issues were raised on the pleadings. We find no stipulation of the facts. Our consideration therefore must be controlled by the pleadings.

The court says further, "I believe that the contract price paid for the land included the expenditure of the amounts necessary to do the work then uncompleted and provided for in the contract." But it should be noted that the defendant denies this very fact. The court's determination, as set out in his memorandum, was embodied in findings of fact and conclusions of law dated June 27th, 1934. In the ninth paragraph thereof the court finds that "the contract price paid for the land included the expenditure of the amounts necessary to do the work then uncompleted and provided for in the contract or deed of conveyance to Joseph C. Braelow." This conclusion has no basis in evidence that we can find in the case. As a matter of fact, up to this point, the state of case discloses that there was no testimony of any kind whatsoever taken.

On July 13th, we find notice of application for a vacation or modification of the finding of facts, &c., on the ground that the findings are not in accord with the memorandum of the trial judge and on the further ground that the conclusions should not have embodied a determination of any facts other than those that were admitted by the pleadings. Nothing appears to have resulted from this application. On July 19th, 1934, there is a notice of application by the plaintiff for the entry of judgment, and on November 27th, 1934, the trial court signed an order for final judgment. We still can discover no basis for entering judgment.

On December 7th, 1934, a rule to show cause was allowed why the judgment should not be vacated and the case restored to the calendar for trial on the issue of facts. The affidavit in support of the rule to show cause recites that Braelow did not pay the full purchase price of the land and that the cost of the installation of the sidewalks, &c., was retained. No reasons appear in support of the rule and we have no way of finding out upon what particular points the rule was argued and no counter-affidavit appears. On December 13th, 1934, however, the judgment was vacated and it was ordered that the cause of action be placed on the calendar for trial on the disputed fact issue, and further provided that the cause be set down before the trial court without a jury.

Following the state of case, page by page, we next find an affidavit of the defendant which was filed on January 13th, 1936. He reiterates his sworn statement that Braelow never paid him the cost of making these improvements and says that the judgment should be opened. What judgment is referred to is not clear. We assume he meant the last one. We find five judgments in the state of case. On the same date, however, we find still another show cause order why the judgment should be vacated. The order refers to the judgment of December 16th, 1935, which appears somewhat later in the case. We then find a memorandum of the court of February 17th, 1936, embodying the court's view on the case. Therein the damage question only is considered. The facts raised by the pleadings are not discussed by the court and on February 19th, 1936, there is an order for final judgment.

The judgment herein must be set aside if Braelow never paid Gunne the cost of these improvements. Gunne would not be answerable in damages unless he received the price of the improvements and, if he did not, he was under no obligation to perform. This fact could not have been determined except by competent testimony. There was neither competent nor, in fact, any testimony on this issue. Therefore the court's conclusion on this point is ineffectual and void.

In defense of the judgment, it is argued on behalf of the respondent that the argument of a rule to show cause, without reservation, forecloses the appellant from reviewing any question on appeal. Ordinarily this is so and this rigid rule of law cannot be thrust aside. But here, apart from the fact that no reasons were filed in support of any of the rules to show cause, our examination of the record convinces us that the rules to show cause were addressed to one phase of the case only, viz., that of damages, and that the defendant below acted upon the assumption, as indeed he was justified in doing, that he would have his day in court on the fact issues which concerned whether or not he was liable at all.

The judgment is reversed, and a *venire de novo* allowed.